WESTON ELECTRICAL INSTRUMENT CO. v. EMPIRE ELECTRICAL INSTRUMENT CO. et al.

(Circuit Court, S. D. New York. June 10, 1904.)

No. 9.

1. PATENTS—RENEWAL OF APPLICATION IN CASE OF FAILURE TO PAY FEES—CONSTRUCTION OF STATUTE.

Under Rev. St. § 4897 [U. S. Comp. St. 1901, p. 3386], which authorizes any person having an interest in an invention for which a patent has been allowed, but who fails to make payment of the final fee within six months after notice of such allowance, to make another application, but provides that "such second application must be made within two years after the allowance of the original application," but one renewal application may be made; and, even if more are allowable, the final application must be made within two years after the allowance of the first, otherwise a valid patent cannot issue thereon.

2. SAME—VALIDITY OF REISSUE—ELECTRICAL CONDUCTOR.

The Weston reissue patent No. 10,945 (original No. 381,305), for an electrical conductor, is void because the original was granted on a third application, filed more than two years after the first had been allowed, but which was not issued because of nonpayment of the fee therefor.

In Equity. Suit for infringement of reissued letters patent No. 10,945 (original No. 381,305), for an electrical conductor, granted to Edward Weston July 17, 1888. On final hearing.

William Houston Kenyon, William C. Witter, and Richard Eyre, for complainant.

Philip Mauro and C. A. L. Massie, for defendants.

HOLT, District Judge. This is a suit in equity for an injunction and an accounting for the alleged infringement of reissued letters patent No. 10,945, dated July 17, 1888, issued to Edward Weston, and subsequently assigned to the complainant, for an electrical conductor. In my opinion, the proof shows that the invention was novel and valuable, and that the defendants have infringed the patent. The serious question in the case is whether the original patent, of which the patent in suit is a reissue, was invalid because granted upon the third application for the patent, more than two years after the original application.

The first application for the patent was filed in the Patent Office October 13, 1885. The patent was allowed, and notice of the allowance given on November 21, 1885. Section 4885 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3382] provides that, if the final fee is not paid within six months from the time at which the patent was passed and allowed, and notice thereof sent to the applicant or

his agent, the patent shall be withheld. The final fee was not paid within said six months. Section 4897 of the United States Revised Statutes is as follows:

"Sec. 4897. Any person who has an interest in an invention or discovery, whether as inventor, discoverer, or assignee, for which a patent was ordered to issue upon the payment of the final fee, but who fails to make payment thereof within six months from the time at which it was passed and allowed, and notice thereof was sent to the applicant or his agent, shall have a right to make an application for a patent for such invention or discovery the same as in the case of an original application. But such second application must be made within two years after the allowance of the original application. But no person shall be held responsible in damages for the manufacture or use of any article or thing for which a patent was ordered to issue under such renewed application prior to the issue of the patent. And upon the hearing of renewed applications preferred under this section, abandonment shall be considered as a question of fact." [U. S. Comp. St. 1901, p. 3386.]

A renewal of the application for the same patent was made June 18, 1886, and it was allowed a second time on June 30, 1886. The final fee was not paid upon this new allowance within six months thereafter. A third renewal of the application for the same patent was made December 14, 1887, and the patent granted April 17, 1888. The patent was, therefore, granted more than two years after the first application, and less than two years after the second application. The defendants claim that the Commissioner of Patents had no authority to issue this patent under section 4897; that it was, therefore, void; and that, therefore, its reissue was void. The complainant claims that the true construction of section 4897 is that a party who has failed to pay the final fee within six months after the allowance of the patent can make a new application for the same patent within two years; that such new application then becomes an original application; that, if this second application is allowed, and default again made in the payment of the final fee within six months, the party can again make another application within two years, and so on indefinitely; that, therefore, Weston's third application was in time, and the patent granted on it valid. I think that the question of construction involved is a nice and difficult one, but my conclusion is that a party proceeding under section 4897 can only make one renewal application, and that, even if more than one application could be made, the final application must be made within two years after the allowance of the original application; the term "the original application," as used in this section, meaning the first application. This is the construction given to the section in an opinion of the Attorney General (69 Patent Office Official Gazette, 639; 70 Id. 493), which opinion has since been acted on by the Patent Office. In my opinion, this was a correct construction of the section. The fact that Mr. Weston might have made an application under section 4886 seems to me immaterial. He did not apply under that section, but under section 4897. If a patent had been issued, without the payment of the fee, after the expiration of six months after it had been first allowed, the patent would have been void. Walker on Pat. § 125. Section 4897 provided a remedy in such a case, and if an applicant proceeds under that section he must comply with its terms. I regret to hold a patent for a meritorious invention invalid for so technical a

cause, but I am unable to reach any other construction of section 4897.

My conclusion, therefore, is that the original patent was void, and therefore that the reissued patent was void. The bill, therefore, in my opinion, should be dismissed, with costs.